Tagged Opinion




**ORDERED in the Southern District of Florida on August 06, 2007.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 04-41206-BKC-RAM |
| | ) | Chapter 7 |
| TIMOTHY JAMES PHILLIPS, | ) | |
| | ) | |
| Debtor. | ) | |

**ORDER SUSTAINING CREDITOR'S OBJECTION TO TRUSTEE'S FINAL REPORT AND GRANTING CREDITOR'S MOTION TO PERMIT PAYMENT OF PROOF OF CLAIM OF CREDITOR**

The Court conducted a hearing on May 3, 2007, on Creditor, Donna Phillips' ("Ms. Phillips") Objection to Trustee's Final Report of Estate and Proposed Dividends and Application for Compensation and Motion to Permit Payment of Proof of Claim of Donna Phillips ("Objection to Final Report" and "Motion to Allow Claim") (CP# 45). The Trustee appeared at the hearing and objected to the relief. No creditors appeared or filed written responses.

It is undisputed that Ms. Phillips filed her proof of claim after the bar date. She relies on

an adversary complaint filed before the bar date which sought to except the debt subject of her claim from discharge, arguing that the complaint should be deemed an informal proof of claim. For the following reasons, the court holds that the adversary complaint will be treated as an informal proof of claim. However, in exercising its discretion and to limit the impact on other creditors, the court is granting only partial relief. Ms. Phillips' claim will be allowed in the amount of the debt that was discharged in the bankruptcy case, and disallowed to the extent of the debt excepted from discharge.

**Factual and Procedural Background**

Ms. Phillips is the Debtor's former spouse. The parties were divorced on January 28, 2002 and in the divorce action, Phillips was awarded $117,000 as an equitable distribution of marital assets (the "Dissolution Debt"). On December 2, 2004, the Debtor voluntarily filed for relief under Chapter 7 of the Bankruptcy Code. The §341 First Meeting of Creditors was held on January 4, 2005, and the claims bar date was set on October 7, 2005. Ms. Phillips does not dispute that she received notice of the bankruptcy filing and the bar date.

On March 3, 2005, well before the bar date, Ms. Phillips filed an adversary complaint, Adv. No. 05-1083-BKC-RAM-A, seeking to except a portion of the Dissolution Debt from discharge under 11 U.S.C. § 523(a)(2)(A), and to except the entire Dissolution Debt from discharge under 11 U.S.C. § 523(a)(15). After trial, on February 13, 2006, the Court entered a Final Judgment (CP# 67) finding that $45,818.25 of the Dissolution Debt was nondischargeable under §523(a)(2), due to the Debtor's fraudulent withdrawal of this sum from the marital assets. The Court entered judgment for the Debtor discharging the remaining balance.

Ms. Phillips did not file a formal proof of claim until September 13, 2006. The amount of the proof of claim is just over $167,000, consisting of the $117,000 Dissolution Debt and an

additional $50,000 fee award later entered in the dissolution case. Since this proof of claim was untimely, the claim was not included in the Trustee's Final Report, dated March 29, 2007. In her Motion to Allow Claim, Ms. Phillips contends that her adversary complaint should be treated as a timely informal proof of claim and that her formal claim should relate back to the filing of the adversary. As a result, she requests that her claim be allowed and included in the Trustee's Final Report for distribution pro rata with the other allowed unsecured claims.

**Discussion**

A creditor's filing of an adversary complaint prior to the claims bar date can constitute an informal proof of claim, and allow the creditor's late-filed proof of claim to relate back to the date of the adversary complaint. *See In re Scott*, 227 B.R. 832, 834 (Bankr. S.D.Ind. 1998). Although Rules 3001 and 3002, Fed.R.Bankr.P., require a creditor to file a proof of claim within a specified period of time, courts developed the doctrine of the informal proof of claim to prevent the harsh result that occurs when a creditor fails to file a formal proof of claim before the claims bar date. *Id.* at 833. This doctrine allows for another document that was filed in a timely fashion to become the basis for a timely amended proof of claim. *See In re Wigoda*, 234 B.R. 413, 415 (Bankr. N.D.Ill. 1999).

To constitute an informal proof of claim, an adversary complaint must:

1) apprise the court of the existence of the claim;
2) state the nature and amount of the claim; and
3) evidence an intent by the claimant to hold the debtor liable for the claim.

*See In re L. Meyer & Son Seafood Corp.*, 188 B.R. 315, 320 (Bankr. S.D.Fla. 1995); *In re Gateway Investments Corp.*, 114 B.R. 784, 787 (Bankr. S.D.Fla. 1990); *In re Stocks*, 137 B.R. 516, 520 (Bankr. N.D.Fla. 1991). Nonetheless, even if all of these elements are met, the court may still deem the document invalid as an informal proof of claim if granting the request may be

inequitable to other creditors. *In re Petrucci*, 256 B.R. 704, 706-07 (Bankr. D.N.J. 2001).

The above-described elements of an informal proof of claim are met by the adversary complaint filed by Ms. Phillips. First, in filing the adversary complaint on March 3, 2005, Ms. Phillips apprised the court of the existence of the claim in a timely fashion. Second, the adversary complaint specifically referenced the $117,000 Dissolution Debt (although not the $50,000 fee award) and described the nature of these claims, specifying that they arose from orders entered in connection with the distribution of marital assets in the divorce case. Finally, the adversary complaint clearly evidenced Ms. Phillips' intent to hold the Debtor liable for the claim, since the purpose of the adversary proceeding was to have the Dissolution Debt deemed nondischargeable. In sum, under the standards described earlier, the Court finds that the Creditor's adversary complaint constitutes a valid informal proof of claim, in the amount of the Dissolution Debt, namely $117,000.

The second issue is whether the informal proof of claim should be enforced based on the equitable effect on the other parties. Courts have denied relief even when all of the elements of an informal claim were satisfied for reasons including the prejudicial effect on the other creditors, the failure of the creditor requesting relief to file a proof of claim on multiple occasions, or a substantial increase in cost or time to the trustee. *Wigoda*, 234 B.R. at 417. In the present case, if Ms. Phillips' claim is disallowed, the $5,572.66 available for distribution to unsecured creditors will yield a nearly 75% distribution, since the presently allowed unsecured claims only total $7,413.76. If Ms. Phillips claim is allowed in its entirely, the percentage of distribution to all other creditors will be significantly decreased. This reduction in payment to other creditors, however, is not determinative absent detrimental reliance by these creditors. *See Petrucci*, 255 B.R. at 707.

In looking at the totality of the circumstances, the Court finds that the equitable and appropriate result is to grant partial relief to Ms. Phillips. She is the most significant creditor in the case, and given her clear intention to enforce her claims as evidenced by the adversary complaint, to deny her relief would be unduly harsh. The Trustee has not yet made a distribution and no creditors have filed objections to Ms. Phillips' Motion to Allow Claim. Nevertheless, the Court finds it appropriate to grant Ms. Phillips an allowed claim only for that portion of the Dissolution Debt discharged in the case. This limitation is appropriate to reduce the impact on other creditors, and is fair under the circumstances, since Ms. Phillips may pursue post-bankruptcy collection of the non-dischargeable portion. *See Wigoda*, 234 B.R. at 417 (reasoning that creditors were not prejudiced by denial of informal proof of claim because their debt was nondischargeable).

**Conclusion**

Bankruptcy Rules 3001 and 3002 require a timely filing of a proof of claim in order for a creditor to have an allowed claim and receive a distribution. In certain circumstances, where the creditor has failed to file a formal claim, but has timely filed an adversary complaint to enforce the claim, courts may allow the complaint to constitute a timely, informal proof of claim. Where, as here, the complaint has all of the necessary elements of an informal proof of claim, and granting the request will not result in an inequitable impact on other creditors, granting relief to the creditor is appropriate. For the foregoing reasons, it is-

**ORDERED** as follows:

1. The Objection to Final Report is sustained.

2. The Motion to Allow claim is granted in part. Donna Phillips shall have an allowed claim in the amount of $71,181.75, calculated by subtracting the $48,818.25

nondischargeable portion of the Dissolution Debt, from the total Dissolution Debt of $117,000.

3. The Trustee shall prepare an amended Final Report which includes a distribution to Ms. Phillips on this allowed claim.

###

Copies Furnished To:

John J. Romza, Esq.
Zach B. Shelomith, Esq.
Jean Ryan, Esq.